## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-22439-BLOOM

PLEADRO J. SCOTT,

      Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

### ORDER ON SECOND AMENDED
### PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner Pleadro J. Scott's *pro se* Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. [29-1] ("Petition"). Petitioner challenges the constitutionality of his state convictions and sentences on charges of armed burglary, robbery, kidnapping, sexual battery, and unlawful sexual activity with two minors in Florida's Eleventh Judicial Circuit for Miami-Dade County. *See generally id*.

Respondent filed a Second Amended Response, ECF No. [36], and an Appendix, ECF No. [23], with attached Exhibits 1–36, ECF Nos. [23-1]–[23-3], as well as a Notice of Filing Transcripts, ECF No. [24], with attached transcripts, ECF Nos. [24-1]–[24-7]. Petitioner thereafter filed a Reply to the Second Amended Response, ECF No. [37]. The Court has carefully considered the Petition, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed in part and denied in part.

## I.      BACKGROUND

At trial, three victims testified to being accosted by Petitioner at gunpoint, threatened, robbed, and sexually assaulted. *See generally* ECF Nos. [24-2]–[24-6]. Two of the victims were under the age of 18. *See id.* The victims identified Petitioner as the assailant and DNA evidence linked him to the crimes. *See id.* Petitioner testified in his own defense and denied the allegations. *See id.*

On February 13, 2014, a Miami-Dade County jury found Petitioner guilty on counts of armed burglary with assault and battery in an occupied dwelling, armed kidnapping, armed robbery, attempted armed robbery, armed sexual battery, and two counts of unlawful sexual activity with a minor. *See* ECF No. [23-1] at 129–34.[1] Petitioner was sentenced to three concurrent life sentences on Counts 1–3 with several lesser sentences on the remaining charges. *See id.* at 136–46.

On direct appeal, Petitioner raised the following claims:

> 1. THE FAILURE TO A *NELSON* HEARING IS PER SE REVERSIBLE ERROR.
> 2. THE ADMISSION OF THE *WILLIAMS* RULE EVIDENCE WAS HARMFUL ERROR.

ECF No. [23-1] at 153. The district court per curiam affirmed the judgment and sentence. *See Scott v. State*, 181 So. 3d 497 (Fla. 3d DCA 2015). On September 6, 2016, Petitioner filed a motion to vacate set aside or correct sentencing (sic)[2] under Florida Rule of Criminal Procedure 3.850. He raised the following claims:

> 1. FAILURE TO PROPERLY PRESERVE FOR APPELLANT REVIEW TRIAL COURT'S RULING ON STATE'S MOTION IN LIMINE
> 2. FAILURE TO OBJECT TO PROSECUTOR MISCONDUCT

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] Quotes from Petitioner's various filings are copied verbatim and, unless indicated, spelling, grammatical, and other errors are as they appear in the original.

3. FAILURE TO IMPEACH WILLIAMS RULE WITNESS WITH SUGGESTIVE IDENTIFICATION
4. FAILURE TO IMPEACH WILLIAMS RULE WITNESS OUT OF COURT IDENTIFICATION
5. FAILURE TO IMPEACH WILLIAMS RULE WITNESS MS. Y.A. WITH SUGGESTIVE IDENTIFICATION
6. FAILURE TO IMPEACH WILLIAMS RULE WITNESS MS. Y.A. WITH HER PHONE RECORDS
7. FAILURE TO SUPPRESS SUGGESTIVE IDENTIFICATION MADE BY WILLIAMS RULE WITNESS MS. K.G.
8. FAILURE TO SUPPRESS SUGGESTIVE IDENTIFICATION MADE BY WILLIAMS RULE WITNESS MS. Y.A.
9. FAILURE TO ADEQUATELY ADVISE DEFENDANT ON RIGHT TO TESTIFY TO BIAS AND CORRUPTION
10. FAILURE TO IMPEACH DETECTIVE R. GERBIER WITH EVIDENCE OF FRAUD AND CORRUPTION
11. FAILURE TO OBJECT TO PROSECUTOR MISCONDUCT
12. FAILURE TO IMPEACH IDENTIFICATION WITNESS
13. STATE FAILED TO TURN OVER EXCULPATORY EVIDENCE
14. TRIAL COURT DEPRIVED DEFENDANT OF RIGHT TO A COMPLETE DEFENSE
15. THE CUMULATIVE EFFECT OF TRIAL COUNSEL'S ERRORS AND OMISSIONS CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL

ECF No. [23-1] at 218–38. The trial court denied the motion on July 18, 2017. *See* ECF No. [23-2] at 2–6. Petitioner failed to timely appeal, and his petition for belated appeal was denied. *See Scott v. State*, 254 So. 3d 393 (Fla. 3d DCA 2018).

On December 18, 2017, Petitioner filed an amended second or successive motion for postconviction relief. He raised the following claims:

1. STATE FAILED TO TURN OVER EXCULPATORY EVIDENCE
2. FAILURE TO INVESTIGATE THE IDENTITY OF THE PERSON WHO ALLEGEDLY MADE AN ADMISSION
3. IT IS UNCONSTITUTIONALLY IMPERMISSIBLE FOR THE SENTENCING COURT TO SUBJECT DEFENDANT TO MULTIPLE PUNISHMENT [sic] BASED ON THE SAME ACT AND/OR PUNISHMENT
4. TRIAL COUNSEL UNCONSTITUTIONALLY IMPERMISSIBLE [sic] DENIED DEFENDANT OF [sic] DUE PROCESS BY HIS FAILURE TO INTERVIEW DEPOSE OR CALL AVAILABLE STATE AND COUNTY CODIS ADMINISTRATORS TO TESTIFY
5. IT IS [sic] UNCONSTITUTIONALLY IMPERMISSIBLE DENIAL OF DUE PROCESS TO CONVICT AND ADJUDICATE DEFENDANT GUILTY OF A

CRIME LACKING ANY PROOF OF THE ESSENTIAL ELEMENTS OF THE CHARGED OFFENSES

6. FAILURE OF COUNSEL TO OBJECT TO DNA EVIDENCE/TESTIMONY BEING OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE MISLEADING THE JURY WAS UNCONSTITUTIONAL DENIAL OF DUE PROCESS

7. FLORIDA DEPARTMENT OF CORRECTIONS OFFICIALS [sic] FAILURE TO FORWARD LEGAL DOCUMENTS TO CLERK OF COURTS DENIED DEFENDANT OF DUE PROCESS OF LAW

8. FAILURE TO OBJECT TO CONSTRUCTIVE CHARGING INFORMATION

9. THE POST-CONVICTION COURT ERRORED [sic] IN DENYING DEFENDANT'S ORIGINAL 3.850 MOTION ENTITLED MOTION TO VACATE SET ASIDE OR CORRECT SENTENCING WITHOUT A [sic] EVIDENTIARY HEARING RELYING ON THE STATE'S RESPONSE

10. FAILURE TO PROPERLY PRESERVE FOR APPELLANT REVIEW TRIAL COURTS RULING ON THE STATE'S MOTION IN LIMINE

11. TRIAL COURT DEPRIVED DEFENDANT OF RIGHT TO A COMPLETE DEFENSE

12. FAILURE TO IMPEACH DETECTIVE R. GERBIER WITH EVIDENCE OF FRAUD AND CORRUPTION

13. FAILURE TO ADEQUATELY ADVISE DEFENDANT ON RIGHT TO TESTIFY TO BIAS AND CORRUPTION

14. TRIAL COUNSEL FAILED TO IMPEACH WILLIAMS RULE WITNESS M.S. K.G. WITH SIGNIFICANT THAT THIS WITNESS MADE TO POLICE ON [sic]

15. FAILURE TO IMPEACH WILLIAMS RULE WITNESS M.S. Y.A. WITH SUGGESTIVE IDENTIFICATION

16. FAILURE TO IMPEACH WILLIAMS RULE WITNESS M.S. Y.A. WITH HER PHONE RECORDS

17. FAILURE TO SUPPRESS SUGGESTIVE IDENTIFICATION MADE BY WILLIAMS RULE WITNESS M.S. K.G.

18. FAILURE TO SUPPRESS SUGGESTIVE IDENTIFICATION MADE BY WILLIAMS RULE WITNESS M.S. Y.A.

19. FAILURE TO ASSIST DEFENDANT IN THE FILING OF A POST-CONVICTION MOTION IN CASE NUMBER F08008261 WHICH WAS [sic] WILLIAMS RULE CASE

20. FAILURE TO OBJECT TO PROSECUTOR MISCONDUCT

21. FAILURE TO IMPEACH DNA EXPERT MR. DAVID ARNOLD

22. FAILURE TO CORRECT FALSE AND PERJURED TESTIMONY

23. FAILURE TO IMPEACH WILLIAMS RULE WITNESS WITH SUGGESTIVE IDENTIFICATION

24. FAILURE TO IMPEACH WILLIAMS RULE WITNESS OUT OF COURT IDENTIFICATION

25. FAILURE TO PROPERLY PRESERVE FOR APPELLATE REVIEW CROSS-EXAMINATION OF R. GERBIER

26. FAILURE TO LAY FOUNDATION FOR ADMISSION OF THE EVIDENCE

27. THE TRIAL COURT ERRONOUS [sic] RULING UNDER THE RAPE SHIELD WAS AN UNCONSTITUTIONAL IMPERMISSIBLE DENIAL OF DUE PROCESS, THE RIGHT TO A COMPLETE DEFENSE AND THE RIGHT TO CONFRONT DEFENDANT'S ACCUSER
28. FAILURE TO INTRODUCE EXCULPATORY EVIDENCE
29. THE FAILURE TO A [sic] NELSON HEARING IS PER SE REVERSIBLE ERROR
30. THE ADMISSION OF THE WILLIAMS RULE EVIDENCE WAS HARMFUL ERROR VIOLATING DUE PROCESS
31. FAILURE TO INTERVIEW AND/OR DEPOSE WITNESS
32. FAILURE TO RAISE DEFENSE OF FABRICATED STORY
33. THE CUMULATIVE EFFECT OF TRIAL COUNSEL'S ERROR AND OMISSIONS CONSTITUTE INEFFECTIVE ASSISTANCE

ECF No. [23-2] at 199–234. The trial court denied Petitioner's amended second or successive motion for postconviction relief on September 1, 2020. *See* ECF No. [23-2] at 242–46. On October 7, 2020, Petitioner filed a writ of habeas corpus for belated appeal of the September 1, 2020 Order. *See id.* at 248–49. A belated appeal was granted, and the district court affirmed the trial court's denial of the amended second or successive motion for postconviction relief. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021).

Petitioner filed the instant Petition on March 1, 2022.[3]

## II.     LEGAL STANDARD

### A.     Deference Under § 2254

A court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of

---

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

error correction." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016). This standard is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014).

According to AEDPA, a federal court may not grant a habeas petitioner relief on any claim adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) (citing 28 U.S.C. § 2254(d)).

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Id.* at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Even summary rejection of a claim, without explanation, qualifies as an adjudication on the merits, warranting deference. *See Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335,

1351 (11th Cir. 2019). If the state court's merits determination is unaccompanied by an explanation, federal courts should "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. Furthermore, a decision is still an adjudication on the merits when it "addresses some but not all of a defendant's claims." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).

AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . , and demands that state-court decisions be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010). Deferential review under § 2254(d) is generally limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

### B.     Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (footnote omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### III.      DISCUSSION

#### A.      Timeliness

Respondent concedes, and the Court confirms, that the Petition was timely filed. *See* ECF No. [36] at 20.

#### B.      Exhaustion/Procedural Default[4]

A federal district court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless "the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). The Court will address Petitioner's 33 grounds for relief below along with any exhaustion/procedural default challenges.

#### C.      The Merits

#### Ground One

Petitioner asserts "ARBITRARY CONSTRUCTION OF STATE PROCEDURAL RULE IS AN UNCONSTITUTIONAL DENIAL OF DUE PROCESS[.]" ECF No. [29-1] at 5. He states that his initial Rule 3.850 motion for postconviction relief was denied "due to a technical defect." *Id.* He therefore argues that the trial court violated his due process rights by denying his amended second or successive motion for postconviction relief as an unauthorized successive motion. *See id.*

The record shows that the trial court properly denied the motion as successive because Petitioner had already filed a Rule 3.850 motion. *See* ECF No. [23-1] at 218. The first Rule 3.850

---

[4] There are two equitable exceptions to the procedural default rule: "cause and prejudice" and "actual innocence." *Dretke v. Haley*, 541 U.S. 386, 393 (2004). Petitioner bears the sole burden of proving that either one of these exceptions would excuse a procedural default. *See Gordon v. Nagle*, 2 F.3d 385, 388 (11th Cir. 1993) ("A defendant has the burden of establishing cause and prejudice."); *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) ("The petitioner must support the actual innocence claim with new reliable evidence[.]"). The Court concludes that Petitioner fails to establish that either of these exceptions excuses his procedurally defaulted claims. *See generally* ECF No. [29-1].

motion was denied on the merits and not on a technical defect as Petitioner suggests. *See* ECF No. [23-2] at 1–6. Thus, the second Rule 3.850 motion was properly denied as successive under Florida Rule of Criminal Procedure 3.850(f). *See Heinritz v. McNeil*, 2011 WL 1195395, at *6 (S.D. Fla. Feb. 24, 2011), *report and recommendation adopted*, 2011 WL 1157367 (S.D. Fla. Mar. 29, 2011) ("Florida law bars successive Rule 3.850 motions.") (collecting cases). Accordingly, Ground One is denied.

**Ground Two**

Petitioner asserts "THE ADMISSION OF WILLIAMS RULE[5] EVIDENCE WAS HARMFUL ERROR VIOLATING DUE PROCESS." ECF No. [29-1] at 7. Petitioner's claim is not cognizable on federal habeas review. *See Twardokus v. Sec'y, DOC*, 2015 WL 926035, at *8 (M.D. Fla. Mar. 4, 2015) ("[A] challenge to the admission of evidence under state evidentiary rules is a matter of state law that provides no basis for federal habeas corpus relief because the ground does not present a federal constitutional question." (citing 28 U.S.C. § 2254(a)); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) ("It is established that [a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.") (cleaned up).

In sum, federal habeas corpus review of a state law claim is precluded if no federal constitutional violations are alleged. *See* 28 U.S.C. § 2254(a). This limitation remains even if the petitioner couches a claim as a federal violation when it actually involves state law issues. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("Although petitioner alleges violations of

---

[5] *See Williams v. State*, 110 So. 2d 654 (Fla. 1959).

federal law, it is clear that this petition is based exclusively on state law issues which are merely couched in terms of equal protection and due process.") (cleaned up). Although Petitioner couches his claim in terms of due process, Ground Two actually involves the admission of *Williams* rule evidence under state law. *See id.* Because the Court may not "reexamine state-court determinations on state-law questions[,]" Ground Two is denied. *Estelle*, 502 U.S. at 67–68.

### Ground Three

Petitioner asserts "THE STATE FAILED TO CORRECT FALSE AND PERJURED TESTIMONY." ECF No. [29-1] at 8. He alleges "the State's DNA expert falsely testified that he is not the CODIS administrator[,]"and "the State allowed it to go uncorrected[.]" *Id.* Respondent counters that whether the DNA expert "was, or was not, the CODIS administrator was not the material issue in this case." ECF No. [36] at 31. The Court agrees.

Given the weight of the evidence against him, Petitioner fails to show prejudice. As explained, the victims identified Petitioner and DNA was but one category of evidence linking him to the crimes. Moreover, Petitioner does not dispute the accuracy of the DNA results, *see* ECF No. [29-1] at 8, and the Court agrees with Respondent that the expert's status as the CODIS administrator is not of consequence. In sum, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d). Ground Three is thus denied.

### Ground Four

Petitioner asserts "TRIAL COUNSEL UNCONSTITUTIONALLY UNPERMISSABLE DENIED DEFENDANT OF DUE PROCESS BY HIS FAILURE TO INTERVIEW DEPOSE OR CALL AVAILABLE STATE AND COUNTY CODIS ADMINISTRATORS TO TESTIFY." ECF No. [29-1] at 10. Respondent counters that "[t]his claim is unexhausted and procedurally defaulted." ECF No. [36] at 32. The Court agrees.

Petitioner raised this issue as claim four in his amended second or successive motion for postconviction relief, the trial court denied the claim on procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). As such, the Court concludes that Ground Four is barred under the independent and adequate state procedural ground doctrine. That doctrine precludes a federal court from reviewing a petitioner's habeas claims—even if it raises valid matters of federal constitutional law—if "(1) a state court has declined to address those claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (cleaned up). Ground Four is thus dismissed as procedurally defaulted.

**Ground Five**

Petitioner asserts "THE TRIAL COURT ERRONOUS RULING UNDER THE RAPE SHIELD WAS AN UNCONSTITUTIONAL UNPERMISABLE DENIAL OF DUE PROCESS THE RIGHT TO A COMPLETE DEFENSE, AND THE RIGHT TO CONFRONT DEFENDANT'S ACCUSER." ECF No. [29-1] at 12. Petitioner raised this issue as claim 27 in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Five is dismissed as procedurally defaulted.

**Ground Six**

Petitioner asserts "THE STATE FAILED TO TURN OVER EXCULPATORY EVIDENCE." ECF No. [29-1] at 13. The trial court denied this claim on state procedural grounds

in Petitioner's amended second postconviction motion and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Six is dismissed as procedurally defaulted.

### Ground Seven

Petitioner asserts "FAILURE TO INTRODUCE EXCULPATORY EVIDENCE." ECF No. [29-1] at 15. He states that "[p]rior to trial[,] counsel explained to the court[,] the jury[,] and defendant that the evidence will show that the DNA from the Williams Rule case does not match defendant[.]" *Id.* However, he asserts his counsel was ineffective for failing to call a DNA expert. *See id.* Having reviewed the record in full, the Court finds nothing unreasonable with the state court's rejection of this claim. *See* 28 U.S.C. § 2254(d).

"[C]omplaints about uncalled witnesses are not favored, because the presentation of testimony involves trial strategy and allegations of what a witness would have testified are largely speculative." *Shaw v. United States*, 729 F. App'x 757, 759 (11th Cir. 2018) (cleaned up). In assessing a claim of ineffective assistance of counsel, "which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that the court will seldom, if ever, second-guess." *Rhode v. Hall*, 582 F.3d 1273, 1284 (11th Cir. 2009) (cleaned up). It was thus reasonable for the state court to reject Petitioner's speculative claim of prejudice concerning the testimony of uncalled witnesses, and this claim is denied under the performance and prejudice prongs of *Strickland*, 466 U.S. at 687–88.

### Ground Eight

Petitioner asserts a double jeopardy violation based on his convictions in Count Five for sexual battery with a firearm and Counts Six and Seven for sexual activity with a minor. *See* ECF

No. [29-1] at 15. Respondent counters that the claim is procedurally defaulted because it "could have been and should have been raised on direct appeal." ECF No. [36] at 40. The Court agrees.

Where a petitioner has not "*properly* presented his claims to the state courts," the petitioner will have "procedurally defaulted his claims" in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (emphasis in original). Accordingly, Ground Eight is dismissed as procedurally defaulted.

**Ground Nine**

Petitioner asserts his "trial counsel was deficient for failing to file [a] motion to suppress suggestive identification made by Williams rule witness Ms. K.G." ECF No. [29-1] at 18. Petitioner raised this claim in his initial motion for postconviction relief but failed to appeal the trial court's denial of the motion, and the district court denied his petition for belated appeal. *See Scott v. State*, 254 So. 3d 393 (Fla. 3d DCA 2018). Petitioner again raised the issue in his amended second or successive motion for postconviction relief, the trial court denied the motion as successive, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Nine is dismissed as procedurally defaulted.

**Ground Ten**

Petitioner asserts "IT IS UNCONSTITUTIONALLY IMPERMISSIBLE DENIAL OF DUE PROCESS TO CONVICT AND ADJUDICATE DEFENDANT GUILTY OF A CRIME LACKING ANY PROOF OF THE ESSENTIAL ELEMENTS OF THE CHARGED OFFENSE." ECF No. [29-1] at 20. Petitioner refers to the attempted armed robbery charge in Count Four and attacks the credibility of the "only witness testifying to the events[.]" *Id.* Petitioner raised this claim

in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Ten is dismissed as procedurally defaulted.

**Ground Eleven**

Petitioner asserts his counsel was ineffective for failing "to impeach DNA expert Mr. David Arnold." ECF No. [29-1] at 22. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Eleven is dismissed as procedurally defaulted.

**Ground Twelve**

Petitioner asserts his counsel was ineffective for "FAILURE TO PROPERLY PRESERVE FOR APPELLANT REVIEW TRIAL COURT'S RULING ON STATE'S MOTION IN LIMINE." ECF No. [29-1] at 23. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Twelve is dismissed as procedurally defaulted.

**Ground Thirteen**

Petitioner asserts "FAILURE OF COUNSEL TO OBJECT TO DNA EVIDENCE/TESTIMONY BEING OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE MISLEADING THE JURY WAS UNCONSTITUTIONAL DENIAL OF DUE PROCESS." ECF No. [29-1] at 25. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Twelve is dismissed as procedurally defaulted.

**Ground Fourteen**

Petitioner asserts his counsel was ineffective for "FAILURE TO INVESTIGATE THE IDENTITY OF THE PERSON WHO ALLEGEDLY MADE AN ADMISSION." ECF No. [29-1] at 27. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Fourteen is dismissed as procedurally defaulted.

**Ground Fifteen**

Petitioner asserts his counsel was ineffective for "FAILURE TO INTERVIEW AND/OR DEPOSE AVAILABLE WITNESSES." ECF No. [29-1] at 28. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla.

3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Fifteen is dismissed as procedurally defaulted.

**Ground Sixteen**

Petitioner asserts his counsel was ineffective for "FAILURE TO OBJECT TO CONSTRUCTIVE CHARGING INFORMATION." ECF No. [29-1] at 30. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Sixteen is dismissed as procedurally defaulted.

**Ground Seventeen**

Petitioner asserts his counsel was ineffective for "FAILURE TO IMPEACH WILLIAMS RULE WITNESS MS. Y.A. WITH HER PHONE RECORDS." ECF No. [29-1] at 32. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Seventeen is dismissed as procedurally defaulted.

**Ground Eighteen**

Petitioner asserts his counsel was ineffective for "FAILURE TO IMPEACH WILLIAMS RULE WITNESS OUT OF COURT IDENTIFICATION." ECF No. [29-1] at 33. Petitioner raised this claim in his initial motion for postconviction relief but failed to appeal the trial court's denial

of the motion, and the district court denied his petition for belated appeal. *See Scott v. State*, 254 So. 3d 393 (Fla. 3d DCA 2018). Petitioner again raised the issue in his amended second or successive motion for postconviction relief, the trial court denied the motion as successive, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Eighteen is dismissed as procedurally defaulted.

**Ground Nineteen**

Petitioner asserts his trial counsel was ineffective for "FAILURE TO OBJECT TO PROSECUTOR MISCONDUCT." ECF No. [29-1] at 35. He states that his counsel failed to object to victim N.B.'s in-court identification when the prosecutor stated "let the record reflect the witness identified the defendant." *Id.* Petitioner raised this claim in his initial motion for postconviction relief but failed to appeal the trial court's denial of the motion, and the district court denied his petition for belated appeal. *See Scott v. State*, 254 So. 3d 393 (Fla. 3d DCA 2018). Petitioner again raised the issue in his amended second or successive motion for postconviction relief, the trial court denied the motion as successive, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Nineteen is dismissed as procedurally defaulted.

**Ground Twenty**

Petitioner asserts his trial counsel was deficient for "FAILURE TO SUPPRESS SUGGESTIVE IDENTIFICATION MADE BY WILLIAMS RULE WITNESS MS. K.G." ECF No. [29-1] at 37. Petitioner raised this claim in his initial motion for postconviction relief but failed

to appeal the trial court's denial of the motion, and the district court denied his petition for belated appeal. *See Scott v. State*, 254 So. 3d 393 (Fla. 3d DCA 2018). Petitioner again raised the issue in his amended second or successive motion for postconviction relief, the trial court denied the motion as successive, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Twenty is dismissed as procedurally defaulted.

### Ground Twenty-One

Petitioner asserts his trial counsel was deficient for "FAILURE TO SUPPRESS SUGGESTIVE IDENTIFICATION MADE BY WILLIAMS RULE WITNESS MR. Y.A." ECF No. [29-1] at 38. Petitioner raised this claim in his initial motion for postconviction relief but failed to appeal the trial court's denial of the motion, and the district court denied his petition for belated appeal. *See Scott v. State*, 254 So. 3d 393 (Fla. 3d DCA 2018). Petitioner again raised the issue in his amended second or successive motion for postconviction relief, the trial court denied the motion as successive, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Twenty-One is dismissed as procedurally defaulted.

### Ground Twenty-Two

Petitioner asserts his "trial counsel deficiently declined to assist Petitioner in the filing of a 3.850 motion in the Williams rule case F08008261[.]" ECF No. [29-1] at 40. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*,

319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Twenty-Two is dismissed as procedurally defaulted.

**Ground Twenty-Three**

Petitioner asserts his "counsel deficiently failed to impeach Williams rule witness Ms. K.G. with her statements made to the police that her assailant had very white teeth[.]" ECF No. [29-1] at 41. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Twenty-Three is dismissed as procedurally defaulted.

**Ground Twenty-Five**[6]

Petitioner asserts his trial counsel deficiently failed "TO ADEQUATELY ADVISE DEFENDANT ON RIGHT TO TESTIFY TO BIAS AND CORRUPTION." ECF No. [29-1] at 43. Petitioner raised this claim in his initial motion for postconviction relief but failed to appeal the trial court's denial of the motion, and the district court denied his petition for belated appeal. *See Scott v. State*, 254 So. 3d 393 (Fla. 3d DCA 2018). Petitioner again raised the issue in his amended second or successive motion for postconviction relief, the trial court denied the motion as successive, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Twenty-Five is dismissed as procedurally defaulted.

---

[6] Petitioner skipped Ground Twenty-Four.

### Ground Twenty-Six

Petitioner asserts the "TRIAL COURT DEPRIVED DEFENDANT OF RIGHT TO A COMPLETE DEFENSE." ECF No. [29-1] at 45. Petitioner raised this claim in his initial motion for postconviction relief but failed to appeal the trial court's denial of the motion, and the district court denied his petition for belated appeal. *See Scott v. State*, 254 So. 3d 393 (Fla. 3d DCA 2018). Petitioner again raised the issue in his amended second or successive motion for postconviction relief, the trial court denied the motion as successive, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Twenty-Six is dismissed as procedurally defaulted.

### Ground Twenty-Seven

Petitioner asserts "IT'S [AN] UNCONSTITUTIONAL DENIAL OF DUE PROCESS TO DENY PETITIONER [AN] EVIDENTIARY HEARING TO PRESENT EVIDENCE IN SUPPORT OF THE ALLEGATIONS IN HIS 3.850 MOTION." ECF No. [29-1] at 46. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Twenty-Seven is dismissed as procedurally defaulted.

### Ground Twenty-Eight

Petitioner asserts his trial counsel was deficient for failing "TO IMPEACH DETECTIVE R. GERBIER WITH EVIDENCE OF FRAUD AND CORRUPTION." ECF No. [29-1] at 48. Petitioner raised this claim in his initial motion for postconviction relief but failed to appeal the

trial court's denial of the motion, and the district court denied his petition for belated appeal. *See Scott v. State*, 254 So. 3d 393 (Fla. 3d DCA 2018). Petitioner again raised the issue in his amended second or successive motion for postconviction relief, the trial court denied the motion as successive, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Twenty-Eight is dismissed as procedurally defaulted.

**Ground Twenty-Nine**

Petitioner asserts "THE CUMULATIVE EFFECT OF TRIAL COUNSEL'S ERRORS AND OMISSIONS CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL." ECF No. [29-1] at 50. Petitioner raised this claim in his initial motion for postconviction relief but failed to appeal the trial court's denial of the motion, and the district court denied his petition for belated appeal. *See Scott v. State*, 254 So. 3d 393 (Fla. 3d DCA 2018). Petitioner again raised the issue in his amended second or successive motion for postconviction relief, the trial court denied the motion as successive, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Twenty-Nine is dismissed as procedurally defaulted.

**Ground Thirty**

Petitioner asserts "FAILURE TO A NELSON HEARING IS PER SE REVERSIBLE ERROR." ECF No. [29-1] at 52.  Petitioner argues that before the jury was sworn, he expressed his lack of confidence in his legal representation, requested another attorney, but was denied a *Nelson* hearing. *See id.* Petitioner's claim is not cognizable on federal habeas review as "it is not

the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68. Federal habeas corpus review of a state law claim is precluded if no federal constitutional violations are alleged, *see* 28 U.S.C. § 2254(a), and this limitation remains even if the petitioner couches a claim as a federal violation when it actually involves state law issues. *See Branan*, 861 F.2d at 1508. Although Petitioner mentions the Sixth and Fourteenth Amendments, the right to a hearing under Florida law pursuant to *Nelson v. State*, 274 So. 2d 256, 257 (Fla. 4d DCA 1973), is actually a state law issue precluded on federal habeas review. Ground Thirty is thus denied.

### Ground Thirty-One

Petitioner asserts "FLORIDA DEPARTMENT OF CORRECTIONS OFFICIALS FAILURE TO FORWARD LEGAL DOCUMENTS TO THE CLERK OF COURTS DENIED DEFENDANT DUE PROCESS OF LAW." ECF No. [29-1] at 53. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8, 2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Thirty-One is dismissed as procedurally defaulted.

### Ground Thirty-Two

Petitioner asserts his "trial counsel was deficient for failing to lay proper foundation for admission of testimony of the incident report by Detective R. Gerber that the offender was bald." ECF No. [29-1] at 55. Petitioner raised this claim in his amended second or successive motion for postconviction relief, the trial court denied the claim on state procedural grounds, and the district court affirmed. *See Scott v. State*, 319 So. 3d 94, 95 (Fla. 3d DCA 2021), *reh'g denied* (Apr. 8,

2021). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Thirty-Two is dismissed as procedurally defaulted.

**Ground Thirty-Three**

Petitioner asserts his "trial counsel was deficient for failing to impeach victim N.B. identification with evidence of a gun shot wound to Petitioner's leg that occurred six days prior to the allege[d] assault in this case causing a noticeable limp at the time of the commission of this crime[.]" ECF No. [29-1] at 57. Petitioner raised this claim in his initial motion for postconviction relief but failed to appeal the trial court's denial of the motion, and the district court denied his petition for belated appeal. *See Scott v. State*, 254 So. 3d 393 (Fla. 3d DCA 2018). This claim is thus barred under the independent and adequate state procedural ground doctrine. *See Maples*, 565 U.S. at 280. Accordingly, Ground Thirty-Three is dismissed as procedurally defaulted.

**D.     Evidentiary Hearing**

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing.  *See Chavez v. Sec'y, Fla. Dep't of Corrs.*, 647 F.3d 1057, 1060 (11th Cir. 2011).  "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, the pertinent facts of the case are fully developed in the record. Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development[,]" Petitioner is not entitled to an evidentiary hearing.  *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### E.        Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). A certificate of appealability shall issue only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists" would find the correctness of the district court's rulings "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, the Court concludes there is no basis to issue a certificate of appealability.

### IV.      CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.       Petitioner Pleadro J. Scott's Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, **ECF No. [29-1]**, is **DISMISSED in part** and **DENIED in part**. Grounds 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 31, 32, and 33 are **DISMISSED** as procedurally defaulted. Grounds 1, 2, 3, 7, and 30 are **DENIED**.

2.       A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Petitioner is not entitled to appeal *in forma pauperis*.

3.       To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4.       The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 10, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Pleadro J. Scott
198737
Taylor Correctional Institution
Inmate Mail/Parcels
8501 Hampton Springs Road
Perry, FL 32348
PRO SE