UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 21-cv-22439-BLOOM

PLEADRO J. SCOTT,

    Petitioner,
v.

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

**THIS CAUSE** is before the Court on the Eleventh Circuit's remand to address claims 11, 14, and 16 of *pro se* Petitioner Pleadro J. Scott's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. [29-1]. On March 5, 2025, the Eleventh Circuit vacated in part this Court's Order on Second Amended Petition for Writ of Habeas Corpus, ECF No. [70], finding that this Court erred in dismissing claims 11, 14, and 16 as procedurally barred and remanding for this Court to consider those claims on the merits, ECF No. [92]; *Scott v. Sec'y, Fla. Dep't of Corr.*, No. 23-11508, 2025 WL 708612 (11th Cir. Mar. 5, 2025). The merits of those claims having been fully briefed, *see* ECF Nos. [36], [37], this Court **DENIES** claims 11, 14, and 16 of the Second Amended Petition on the merits.

**I.    BACKGROUND**

The Court assumes the reader's familiarity with the facts of this case, which are set forth in the Court's Order on Second Amended Petition, ECF No. [70]. In 2014, Petitioner was convicted of armed burglary, armed kidnapping, armed robbery, attempted armed robbery, armed sexual

battery, and unlawful sexual activity. *See* ECF No. [23-1] at 129–34.[1] Following post-conviction proceedings in state court, Petitioner filed his first federal habeas petition in this case on April 7, 2021. *See* ECF No. [1] at 42.[2] Petitioner then filed an Amended Petition, ECF No. [17], and the operative Second Amended Petition, ECF No. [29-1]. The Second Amended Petition raised thirty-three grounds. *Id*.

On April 11, 2023, this Court entered its Order on Second Amended Petition, ECF No. [70], denying some claims on the merits and dismissing some claims as procedurally defaulted. As relevant here, the Court found that Claims 11, 14, and 16 were procedurally defaulted because they were raised in Petitioner's "amended second or successive motion for postconviction relief," which the state trial court denied as successive. *Id*. at 15; *see* Resp't Ex. 20, ECF No. [23-2] at 242–46. This Court denied a certificate of appealability. ECF No. [70] at 25.

The Eleventh Circuit granted Petitioner a certificate of appealability and reversed as to those three claims. *Scott*, 2025 WL 708612. Specifically, the Eleventh Circuit found that claim 11 had been addressed on the merits by the state court, it was unclear whether the state court had relied on procedural grounds in denying claim 14, and the state court's procedural ruling as to claim 16 was refuted by the record. *Id*. at *2–4. Thus, the Eleventh Circuit found that claims 11, 14, and 16 were exhausted in state court, and it remanded for this Court to consider those claims on the merits. *Id*. at *5.

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

The Court now reaches the merits of claims 11, 14, and 16 of the Second Amended Petition. The matter is fully briefed because the State addressed the merits of those claims in its Second Amended Response to Second Order to Show Cause, ECF No. [36].

## II.   LEGAL STANDARD

### A.   Standard of Review Under 28 U.S.C. § 2254

To obtain federal habeas relief, a state prisoner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The prisoner must have exhausted his state court remedies prior to filing the federal habeas petition. § 2254(b). The Court may grant habeas relief only if the state court's decision on the merits of the federal claim was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented" in the state court proceeding. § 2254(d)(1)–(2). This standard is highly deferential to state court decisions. *Wilson v. Sellers*, 584 U.S. 122, 125 (2018); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

"A decision is 'contrary to' clearly established federal law if the state court applied a rule that contradicts governing Supreme Court precedent, or if it reached a different conclusion than the Supreme Court did in a case involving materially indistinguishable facts." *James v. Warden*, 957 F.3d 1184, 1190 (11th Cir. 2020) (citing *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). A state court decision involves an "unreasonable application o[f] clearly established Federal law" if prior Supreme Court decisions "clearly *require[d]* the state court" to reach a different result. *Kernan v. Cuero*, 583 U.S. 1, 3 (2017).

"[W]hen the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion . . . a federal habeas court simply reviews the specific reasons given

by the state court and defers to those reasons if they are reasonable." *Wilson*, 138 S. Ct. at 1192. However, federal courts are not limited by the particular justifications the state court provided, and they may consider additional rationales that support the state court's determination. *Pye v. Warden, Ga. Diag. Prison*, 50 F.4th 1025, 1036 (11th Cir. 2022) (en banc). A state court's decision is reasonable "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1).

### B. Ineffective-Assistance-of-Counsel Principles

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards and that he suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668 (1984). To show deficient performance, the petitioner must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008) (citation omitted). To show prejudice, he must show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

"Judicial scrutiny of counsel's performance must be highly deferential," *Strickland,* 466 U.S. at 689, and courts "must avoid second-guessing counsel's performance," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). A habeas court's review of a claim under *Strickland* is "doubly deferential." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009). The relevant question "is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher

threshold." *Id*. (citations omitted). To obtain habeas relief, a petitioner must show that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner" when it rejected his ineffective assistance of counsel claims. *Bell v. Cone*, 535 U.S. 685, 699 (2002).

### III. DISCUSSION

#### A. <u>Ground Eleven</u>

In Ground Eleven, Petitioner alleges that his trial counsel was ineffective for failing to impeach the State's DNA expert, David Arnold, regarding whether he was a CODIS[3] administrator. ECF No. [29-1] at 22. Petitioner claims that Arnold testified falsely that he was not a CODIS administrator, and that Petitioner's attorney should have impeached Arnold with a lab report entitled "CODIS Case Evaluation Form" that, according to Petitioner, "established that Mr. Arnold did handle the CODIS database." *Id*. Petitioner contends that his counsel's failure to impeach Arnold's credibility using this form prejudiced his defense because identification was a "disputed issue" at trial, and DNA was a critical component of the State's case. *Id*.

As the State points out, this claim is refuted by the record because Arnold was not a CODIS administrator. Arnold testified that he was a forensic biologist for the Miami-Dade Police Department whose work included testing items of evidence for the presence of DNA. Trial Tr., ECF No. [24-5] at 70. Arnold testified that he tested the victims' DNA samples in this case and discovered the presence of Petitioner's DNA. *Id*. at 89–100. Arnold testified that the CODIS database in Florida was administered by someone named Monroe Chincy, explaining that a letter defense counsel referenced during his cross-examination, which was "addressed to our CODIS Administrator," was addressed to Chincy, not Arnold. *Id*. at 109. Petitioner does not explain how the "CODIS Case Evaluation Form," which, he claims, "established that Mr. Arnold did handle

---

[3] CODIS stands for "Combined DNA Index System."

the CODIS database," proved that Arnold was a CODIS administrator. As the state trial court found, "[Petitioner] has not demonstrated that possession of the form and claiming not be the CODIS administrator are mutually exclusive." ECF No. [23-2] at 244. Petitioner has produced no evidence that Arnold was a CODIS administrator.

Moreover, even if Arnold was a CODIS administrator, Petitioner fails to explain how this fact was relevant to any issue at trial. Counsel is not ineffective for failing to impeach a witness about an irrelevant matter. *See Foster v. State*, 869 So. 2d 743, 745 (Fla. 2d DCA 2004) (stating that in Florida, "[g]enerally, impeachment on a collateral issue is impermissible"); *Foreman v. Sec'y, Fla. Dep't of Corr.*, No. 3:19-CV-575-TJC-JBT, 2022 WL 3282652, at *10 (M.D. Fla. Aug. 11, 2022) (finding that counsel was not ineffective because "[t]he matters upon which Defendant suggests counsel should have impeached the three witnesses have little to no relevance to the facts of the instant case"). Arnold mentioned the CODIS database during his testimony only to explain that it is a centralized database to which he sends the unknown DNA profile found in the victim's sample to determine if it matches a profile in the database. *Id.* at 76–77, 108–09. Whether Arnold was an "administrator" of CODIS had no relevance to any issue in the trial.

In any event, even if Petitioner could plausibly argue that his counsel performed deficiently by not impeaching Arnold with evidence that he was the CODIS administrator, Petitioner cannot show prejudice because the State presented overwhelming evidence of his guilt. *See Bates v. Sec'y, Fla. Dep't of Corr.*, 768 F.3d 1278, 1300 & n.9 (11th Cir. 2014) (explaining that "overwhelming evidence" of guilt "makes it obvious" that the movant "cannot show *Strickland* prejudice"). Not only was Petitioner's DNA found on the victims, but he was positively identified by the victims in the courtroom and in photo lineups. In sum, the state court's rejection of this claim was neither

contrary to federal law nor an unreasonable determination of the facts. § 2254(d)(1)–(2). Accordingly, Petitioner's eleventh claim is without merit.

**B. Ground Fourteen**

In Ground Fourteen, Petitioner alleges that his counsel was ineffective for failing to investigate the identity of the person who "allegedly made an admission to the charged offense[s]" in a video recording. ECF No. [29-1] at 27. According to Petitioner, another person confessed to having sex with the victims in a video recording and his counsel never obtained this exculpatory evidence or determined who made this confession. *Id*.

Petitioner has pointed to nothing in the recording supporting his claim that an exculpatory video of someone else confessing to his crimes existed. As mentioned, Petitioner's DNA was found on the victims, who all positively identified him as their assailant. Petitioner's allegation of exculpatory evidence is based solely on his unfounded speculation and lacks any evidentiary support. *See Wright v. Sec'y, Fla. Dep't of Corr.*, 761 F.3d 1256, 1281 (11th Cir. 2014) ("[A] *Brady* claim fails when it is only speculative that the materials at issue would have led to exculpatory information"). The state trial court rejected Petitioner's claim as "inherently incredible," explaining:

> [Petitioner] allege[s] that the State failed to turn over a DVD of someone claiming to have had consensual sex with both victims K.G. and N.B. and that his attorney was ineffective for failing to investigate the identity of the person making the admissions on the DVD. [Petitioner's] claim makes clear that the State contended that the person making the claim of consensual sex was [Petitioner]. [Petitioner] presents no basis for making the claim that it was a third party making the admission to consensual sex.

ECF No. [23-2] at 242.

Although it is unclear from Petitioner's allegations, the alleged video confession that he claims was made by another person appears to be the video of his own post-arrest statement to

police, which was suppressed after the trial court granted the State's pretrial motion *in limine*.[4] ECF No. [23-2] at 49–52. Indeed, Petitioner acknowledged in a state post-conviction motion that according to the State, he was the one who made this videotaped post-arrest statement to police. *Id*. at 199. Petitioner now seems to claim, without evidence, that it was actually another person in this video. Because Petitioner has pointed to nothing in the record supporting this theory, he has not shown that his attorney was ineffective for failing to investigate this allegedly exculpatory evidence. *See Holt v. Sec'y, Dep't of Corr*., No. 23-12128, 2024 WL 3100756, at *1 (11th Cir. Apr. 11, 2024) (holding that trial counsel was not ineffective for failing to investigate alleged "exculpatory witnesses" where "[t]he record supports the state court's ruling that none of those witnesses' testimonies would have been exculpatory"); *Miranda v. United States*, 433 F. App'x 866, 870 (11th Cir. 2011) ("Counsel for a criminal defendant is not required to pursue every path until it bears fruit or until all conceivable hope withers." (quoting *United States v. Hughes*, 635 F.2d 449, 453 (5th Cir. 1981))). The state trial court's finding that Petitioner's claim was inherently incredible is neither contrary to federal law nor an unreasonable determination of the facts. § 2254(d)(1)–(2). Accordingly, Ground Fourteen is without merit.

**Ground Sixteen**

In Ground Sixteen, Petitioner alleges that the State gave the jury a charging document that constructively changed his charged offenses by including information beyond the scope of the evidence presented at trial. ECF. No. [29-1] at 30.

The state trial court rejected this claim on the ground that "[Petitioner] presents no proof that the jury was permitted to view the Information[.]" ECF No. [23-2] at 244. Petitioner again points to nothing in the record indicating that the jury was given a copy of the Information. The

---

[4] Under Fla. Stat.§ 90.803(18)(a), a defendant's own statements are prohibited as hearsay when introduced by the defendant himself. *See Dias v. State*, 890 So. 2d 1254, 1255 (Fla. 4th DCA 2005).

jury was given only copies of the jury instructions and verdict form for its deliberations. Trial Tr. ECF No. [24-6] at 163, 201. Although the trial judge read the Information to the jury prior to the start of trial, he repeatedly emphasized that the Information was not evidence. Trial Tr. ECF No. [24-2] at 37–38, 45. Thus, Petitioner has not shown that the state court's rejection of this claim was contrary to federal law or an unreasonable determination of the facts. § 2254(d)(1)–(2). Accordingly, Ground Sixteen is without merit.

## IV. EVIDENTIARY HEARING

Petitioner is not entitled to an evidentiary hearing because he has not alleged specific facts that, if true, would entitle him to habeas relief. *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, [Petitioner] is not entitled to an evidentiary hearing.").

## V. CERTIFICATE OF APPEALABILITY

Because this Order is "a final order adverse to the applicant," Petitioner must obtain a certificate of appealability ("COA") to appeal it. Rules Governing § 2254 Proceedings, R. 11(a); *see Harbison v. Bell,* 556 U.S. 180, 183 (2009). When a district court rejects a habeas petitioner's constitutional claims on the merits, he must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong to obtain a COA. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Upon consideration of this record, the Court finds that no COA shall issue.

## VI. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Grounds 11, 14, and 16 of the Second Amended Petition for Writ of Habeas Corpus, **ECF No. [29-1]**, are **DENIED**. A certificate of appealability is **DENIED**.

Case No. 21-cv-22439-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 9, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record via CM/ECF

Pleadro J. Scott, *PRO SE*
198737
Blackwater River Correctional Facility
Inmate Mail/Parcels
5914 Jeff Ates Road
Milton, FL 32583