UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22439-BLOOM

PLEADRO J. SCOTT,

    Petitioner,

v.

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on *pro se* Petitioner Pleadro J. Scott's "Request for Additional Finding[s] of Fact and/or Reconsideration," construed as a Motion for Relief from Judgment under Federal Rule of Civil Procedure 59(e). ECF No. [95]. Petitioner seeks reconsideration of this Court's Order denying claims 11, 14, and 16 of his Second Amended 28 U.S.C. § 2254 Petition. ECF No. [94]. For the following reasons, the Motion is **DENIED**.

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). While Rule 59(e) does not set forth any specific criteria, courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Bd. of Trs. of Bay Med. Ctr. v. Humana Mil. Healthcare Servs., Inc.,* 447 F.3d 1370, 1377 (11th Cir. 2006) (citation omitted). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to

reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (quotations omitted).

Petitioner has not presented any grounds for reconsideration of this Court's denial of claims 11, 14, and 16 of the Second Amended Petition. ECF No. [94]. His Motion for Reconsideration either rehashes arguments this Court fully addressed or raises arguments that could have been raised prior to the entry of judgment. *Michael Linet, Inc.*, 408 F.3d at 763. For instance, in support of claim 11, Petitioner again argues that his counsel was ineffective for failing to impeach the State's DNA expert with a document that purportedly showed that the expert lied about his role with respect to a centralized DNA database. ECF No. [95] at 2–4. The Court thoroughly addressed this claim, finding that it was without merit for three independent reasons: (1) the record established that the expert testified truthfully about his role vis-à-vis the database; (2) the expert's role regarding the database was irrelevant, and therefore, Petitioner's counsel was not ineffective for failing to impeach the expert about an irrelevant matter; and (3) even if counsel was ineffective, Petitioner could not show prejudice in light of the overwhelming evidence of his guilt, as he was positively identified by the victims. ECF No. [94] at 5–6. Petitioner has not shown that any of these findings—let alone all of them—were incorrect.

Petitioner also appears to offer several new arguments challenging the veracity of the DNA evidence against him. For instance, he seems to claim that a document relevant to the DNA analysis may have been "backdated or altered from its original form." ECF No. [95] at 3. Petitioner's arguments regarding the DNA evidence could have been raised prior to the entry of judgment, as he fails to provide any new evidence to support them. *Michael Linet, Inc.*, 408 F.3d at 763. In any event, none of these arguments cast doubt on the veracity of the DNA evidence. Moreover, as mentioned, Petitioner cannot show prejudice from his attorney's failure to uncover purported flaws

in the DNA evidence because the victims' positive identification of him was sufficient evidence to convict him.

In support of claim 14, Petitioner rehashes his allegation of a recording of another person confessing to his crimes. ECF No. [95] at 5. Petitioner offers no new evidence to support this claim, and therefore, he has shown no error in the Court's finding that it was "based solely on his unfounded speculation and lacks any evidentiary support." ECF No. [94] at 7.

Finally, Petitioner rehashes his argument in support of claim 16 that the State made a "constructive" amendment to the Information. ECF No. [95] at 7. The Court thoroughly addressed this argument, explaining that Petitioner could not show prejudice from any alleged changes to the Information because the jury was not given the Information and the judge "repeatedly emphasized that the Information was not evidence." ECF No. [94] at 9. Petitioner has shown no error in this finding.

In sum, Petitioner's Motion merely seeks "to relitigate old matters [or] raise argument . . . that could have been raised prior to the entry of judgment." *Michael Linet, Inc.*, 408 F.3d at 763. As such, it is an improper use of Rule 59(e).[1]

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Petitioner's Motion for Relief from Judgment under Federal Rule of Civil Procedure 59(e), **ECF No. [95]**, is **DENIED**, and a certificate of appealability is **DENIED**.

---

[1] Petitioner appears to raise two additional points: (1) he claims that the Eleventh Circuit lacked jurisdiction over his appeal, but this is an issue this Court cannot address; and (2) he alleges that his facility has recently interfered with his access to the courts, but the claims in the Second Amended Petition were fully briefed in 2022, and Petitioner never claimed at that time that he was prevented him from litigating his claims.

Case No. 21-cv-22439-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 11, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Pleadro J. Scott, *PRO SE*
198737
Blackwater River Correctional Facility
Inmate Mail/Parcels
5914 Jeff Ates Road
Milton, FL 32583

Counsel of record via CM/ECF